[No. D036533. Fourth Dist., Div. One. Oct. 26, 2001.]

THE PEOPLE, Plaintiff and Appellant, v.
OTIS WINTERS, JR., Defendant and Respondent.

COUNSEL

Paul J. Pfingst, District Attorney, Thomas F. McArdle and Richard J. Sachs, Deputy District Attorneys, for Plaintiff and Appellant.

Sylvia Koryn, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

McINTYRE, J.—A person violates Penal Code section 245, subdivision (a)(1) (hereafter section 245(a)(1)) by "commit[ting] an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury . . . ." (All statutory references are to the Penal Code unless otherwise specified.) The issue presented in this case is whether a prior section 245(a)(1) conviction for an assault not involving a deadly weapon or instrument other than a firearm qualifies as a "serious felony" under section 1192.7, subdivision (c)(31) (hereafter section 1192.7(c)(31)) and thus constitutes a "strike" under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12). We reject the People's contention that every violation of section 245(a)(1), including the type of assault involved here, is a "serious felony" pursuant to section 1192.7(c)(31) and hold that the trial court correctly determined that Otis Winters's prior conviction did not qualify as a strike. Accordingly, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The district attorney charged Winters with selling or furnishing a controlled narcotic substance and alleged in part that Winters had suffered a strike arising out of his prior conviction for violating section 245, subdivision (a). A jury convicted Winters of the charge and found that he sold cocaine base within the meaning of section 1203.073, subdivision (b)(7).

In a bifurcated court trial, the prosecutor introduced evidence that, in 1980, Winters was charged with assault by means of force likely to produce great bodily injury and unlawful use of force resulting in serious bodily injury (battery). The evidence also showed that, although the jury found Winters guilty of both charges, it found that he did not personally inflict great bodily injury on the victim. Despite the prior jury's specific finding that the 1980 assault did not result in great bodily injury, the prosecutor attempted to establish to the contrary because doing so would render the

1980 assault a "serious felony" under section 1192.7, subdivision (c)(8). He did so by introducing the probation report, prepared in connection with the current conviction, indicating that, in the 1980 incident, "[t]he defendant beat his girlfriend resulting in great bodily injury: a broken arm, dislocated elbow and a broken nose."

The court found true certain felony conviction and prison prior allegations, but concluded that the 1980 section 245, subdivision (a) conviction was "not a true strike prior . . . ." It sentenced Winters to a term of six years, consisting of the midterm of four years plus two consecutive one-year terms for prison priors. If Winters's prior conviction qualified as a strike, the court would have been required to double his sentence and to limit his prison conduct credits to no more than one-fifth of the total term imposed. (§§ 667, subds. (c)(5), (e)(1), 1170.12, subds. (a)(5), (c)(1).)

## DISCUSSION

Pursuant to section 667, a prior conviction of a "serious felony" as defined in section 1192.7, subdivision (c), constitutes a strike under the Three Strikes law. (§ 667, subd. (d)(1).) Prior to the adoption of Proposition 21, section 1192.7, subdivision (c) did not incorporate all assaults in violation of section 245(a)(1) as "serious felonies"; rather, the statute applied only to section 245(a)(1) assaults in which the defendant " 'personally inflict[ed] great bodily injury on any person, other than an accomplice, . . .' ([a 'serious felony' under § 1192.7,] subd. (c)(8)), or 'personally use[d] a dangerous or deadly weapon' ([a 'serious felony' under § 1192.7,] subd. (c)(23))." (*People v. Rodriguez* (1998) 17 Cal.4th 253, 261 [70 Cal.Rptr.2d 334, 949 P.2d 31].)

In March 2000, the voters approved Proposition 21 (known as the Gang Violence and Juvenile Crime Prevention Initiative), which became effective the day after its passage. (See Cal. Const., art. II, § 10, subd. (a).) Proposition 21 was a wide-ranging measure that effected "numerous changes to the Penal Code and Welfare and Institutions Code relating to the adult and juvenile justice systems, including the treatment of juvenile offenders, the confidentiality protections afforded to juvenile proceedings, the type of juvenile offenders that can be tried in adult court, and the punishment for gang-related offenses and offenders." (*In re Melvin J.* (2000) 81 Cal.App.4th 742, 744 [96 Cal.Rptr.2d 917].)

Amongst other things, Proposition 21 amended section 1192.7, subdivision (c), by adding 14 felonies to the statutory "serious felony" list. (Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 17, p. 124.) One of

the newly added felonies was "assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245." (§ 1192.7(c)(31); see also §§ 667.1, 1170.125.) The People contend that, by virtue of the addition of this provision, any assault in violation of section 245, even one not specifically enumerated in the statutory language, now constitutes a "serious felony" within the meaning of section 1192.7, subdivision (c).

The issue presented raises a question of statutory interpretation, the rules for which are well established. The provisions of the Penal Code "are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." (§ 4.) Consistent with this principle, we first examine the language of the code section to determine whether the words used unequivocally express the intent of the voters who passed the initiative measure that included the statute. (*People v. Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163]; *In re Littlefield* (1993) 5 Cal.4th 122, 130 [19 Cal.Rptr.2d 248, 851 P.2d 42].) If the statutory language is clear and unambiguous, we generally must apply the statute according to its terms without resort to other indicia of the voters' intent. (*People v. Jones, supra,* 5 Cal.4th at p. 1146.) If the words are clear, a court may not alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].)

However, a statute is not to be read in isolation, but must be considered in the context of the statutory framework as a whole. (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129].) A statute will not be literally construed if such a construction does not comport with the manifest purposes of the legislation or is inconsistent with other provisions that are part of the same statutory scheme. (*People v. King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27]; *California School Employees Assn. v. Governing Board* (1994) 8 Cal.4th 333, 340 [33 Cal.Rptr.2d 109, 878 P.2d 1321].) Further, statutory language should not be given a literal meaning that results in absurd and unintended consequences. (E.g., *People v. Broussard* (1993) 5 Cal.4th 1067, 1071 [22 Cal.Rptr.2d 278, 856 P.2d 1134].)

 Here the statutory language is clear and unambiguous. Section 1192.7(c)(31) specifies that an assault with a specified weapon or an assault on a peace officer or firefighter in violation of section 245 is a "serious felony" and omits an assault by means of force likely to produce great bodily injury from that classification.

The People nonetheless argue that the interpretation of section 1192.7(c)(31) is governed by section 7.5 and that, so interpreted, section

1192.7(c)(31) includes any violation of section 245 as a "serious felony." Section 7.5 provides "[w]henever any offense is described in this code . . . as criminal conduct and as a violation of a specified code section or a particular provision of a code section, *in the case of any ambiguity or conflict in interpretation,* the code section or particular provision of the code section shall take precedence over the descriptive language. The descriptive language shall be deemed as being offered only for ease of reference unless it is otherwise clearly apparent from the context that the descriptive language is intended to narrow the application of the referenced code section or particular provision of the code section." (Italics added.)

By its own terms, section 7.5 does not apply in interpreting section 1192.7(c)(31) because, as noted above, there is no ambiguity or internal conflict in the language of the latter provision. Further, section 7.5 cannot be read to create a statutory ambiguity that does not otherwise exist; where a statute clearly and unambiguously circumscribes the application of a cited Penal Code provision, section 7.5 does not render the otherwise clear language uncertain. (See *Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].)

The People essentially concede that a literal interpretation of section 1192.7(c)(31) limits its application to the assaults specifically described therein, but argue that such an interpretation cannot stand, for two reasons. First, they argue that, although section 1192.7(c)(31) was intended to encompass all violations of section 245(a)(1), the descriptive language in section 1192.7(c)(31) fails to expressly so provide because its language was based on an incomplete title given to section 245 in Matthew Bender's Standard California Codes. Admittedly, the language of section 1192.7(c)(31) is very similar to the Matthew Bender title; however, this fact alone does not establish that the drafters of Proposition 21, or the voters, intended to include all violations of section 245(a)(1) within the purview of section 1192.7(c)(31).

Second, the People argue that a literal interpretation of section 1192.7(c)(31) cannot stand because it would produce "absurd results." They assert that one consequence of literally interpreting section 1192.7(c)(31) is that a simple assault on a peace officer or firefighter, which is otherwise a misdemeanor, would be considered a "serious felony" for purposes of the Three Strikes law. Not so. Section 1192.7(c)(31) expressly refers to an "assault on a peace officer or firefighter, *in violation of Section 245.*" (Italics added.) Because a violation of section 245 is a felony, not a misdemeanor, the italicized language makes clear that the statute does not elevate a misdemeanor assault on a peace officer or firefighter to a "serious felony."

(For this reason, a literal interpretation of section 1192.7(c)(31) does not render the "in violation of Section 245" language of the statute surplusage, as the People suggest.) Applying section 1192.7(c)(31) as written would not create a serious felony out of a misdemeanor.

The People also argue that a literal application of other provisions added to section 1192.7, subdivision (c) by Proposition 21 would produce irrational distinctions between crimes included as "serious felonies" and certain crimes excluded from that classification. As an example, the People cite to section 1192.7, subdivision (c)(29), which specifies that an "assault with the intent to commit mayhem, rape, sodomy, or oral copulation, in violation of Section 220" is a serious felony. They argue that a literal interpretation of this provision would exclude from the "serious felony" list other assaults in violation of section 220 that are not specifically referenced, such as an assault with the intent to commit rape in concert, an assault with the intent to commit a lewd act on a child and an assault with the intent to commit sexual penetration.

Notably, however, Proposition 21 did not add the text of section 1192.7, subdivision (c)(29) as a new "serious felony" as the People suggest. Rather, Proposition 21 merely renumbered that text, which was previously codified as section 1192.7, subdivision (c)(10), and added the words "in violation of Section 220." (Stats. 1998, ch. 936, § 13.)

Further, even if a literal interpretation of other provisions added to section 1192.7, subdivision (c) by virtue of Proposition 21 would produce such results, it is clear that a literal interpretation of section 1192.7(c)(31) does not have that effect. There is a rational basis for distinguishing between assaults that are accomplished by means of force likely to produce great bodily injury, but that do not actually result in such injury, on one hand, and felony assaults involving specified deadly weapons or against peace officers or firefighters, on the other, for purposes of the Three Strikes law. At least one other statute existing at the time Proposition 21 passed provided for increased penalties for certain persons convicted of felonies involving the personal use of force likely to produce great bodily injury (§ 667.7, subd. (a) [habitual offender statute]) and it is appropriate to assume that the drafters of Proposition 21 were aware of the existing law and capable of using language to specifically refer to such assaults if they intended to include them as "serious felonies." (See generally *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 283 [87 Cal.Rptr.2d 222, 980 P.2d 927].) Notably, the People have not referred us to any legislative history to Proposition 21 indicating that the voters specifically intended to include all violations of section 245(a)(1) as "serious felonies" within the ambit of section 1192.7(c)(31).

In the absence of any ambiguity on the face of the statute, we must presume that section 1192.7(c)(31) reflects the voters' intent and apply the statute in accordance with its plain meaning. (See *People v. Snook* (1997) 16 Cal.4th 1210, 1215 [69 Cal.Rptr.2d 615, 947 P.2d 808]; see also *Keeler v. Superior Court* (1970) 2 Cal.3d 619, 631-632 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420] [a court cannot, under the guise of statutory interpretation, create an offense by enlarging a statute, inserting or deleting words or giving the terms used false or unusual meanings; penal statutes will not be made to reach beyond their plain intent but will include only those offenses coming clearly within the import of their language].) The language of section 1192.7(c)(31) is clear that it includes as "serious felonies" only those section 245(a)(1) assaults that involved a specified weapon or were made against a peace officer or a firefighter. The statute does not incorporate other types of section 245(a)(1) assaults, which thus do not qualify as "serious felonies" unless they fall within the purview of some other provision of section 1192.7, subdivision (c). In this case, the prosecutor was unable to establish that Winters's prior conviction involved an assault that qualified as a "serious felony" and the trial court correctly found that the prior conviction was not a strike. Therefore, the sentence imposed was proper.

DISPOSITION

The judgment is affirmed.

Kremer, P. J., and Huffman, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 23, 2002.