[No. G028079. Fourth Dist., Div. Three. Feb. 13, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
FREDERICK HENRY HAYKEL, Defendant and Appellant.

## Counsel

Carmela F. Simoncini, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, James D. Dutton and Michael T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**O'LEARY, Acting P. J.**—In this case we hold that because assault by means of force likely to produce great bodily injury is not listed as a serious felony under Penal Code section 1192.7, subdivision (c),[1] a conviction for that crime may not be counted as a strike under the "Three Strikes" law. Accordingly, we reverse and remand for resentencing.

Frederick Henry Haykel was charged with two felony counts of possession of a controlled substance. A 1995 conviction for assault by means of force likely to produce great bodily injury (§ 245) was alleged as a prison prior (§ 667.5, subd. (b)) and as a prior serious felony conviction under the Three Strikes law. (§§ 667, subds. (d) & (e)(1), 1170.12, subds. (b) & (c)(1).)

Haykel filed a motion to dismiss the strike allegation on the grounds assault by means of force likely to produce great bodily injury is not a serious felony under section 1192.7, subdivision (c). His motion was denied. The prosecution dismissed count 1, and Haykel submitted to a court trial on count 2 based on the police and laboratory reports and the record of his prior conviction. The trial court found him guilty as charged, and found the prison prior and strike allegations to be true. Haykel was sentenced to the low term of 16 months, doubled to 32 months under the Three Strikes law. The trial court imposed and stayed a one-year sentence for the prior prison term.

### I

Haykel contends the trial court improperly sentenced him under the Three Strikes law because assault by means of force likely to produce great bodily injury is not a serious felony as defined by section 1192.7, subdivision (c). We agree.

Under the Three Strikes law, a defendant convicted of a felony who has one prior conviction for a serious felony, as defined by section 1192.7, subdivision (c), must be sentenced to double the determinant term for the current conviction. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) Section 1192.7, subdivision (c) provides a " 'serious felony' means any of the following: . . . (31) assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245." Haykel's strike conviction was for assault by means of force likely to produce great bodily injury under section 245.

---

[1]All further statutory references are to the Penal Code.

The trial court concluded that section 1192.7, subdivision (c)(31) was ambiguous as to whether *all* violations of section 245 are serious felonies, or whether only those specifically called out in the descriptive language of that section are included. Therefore, the trial court turned to section 7.5 which provides, "Whenever any offense is described in this code . . . as criminal conduct and as a violation of a specified code section or a particular provision of a code section, *in the case of any ambiguity or conflict in interpretation,* the code section or particular provision of the code section shall take precedence over the descriptive language. The descriptive language shall be deemed as being offered only for ease of reference unless it is otherwise clearly apparent from the context that the descriptive language is intended to narrow the application of the referenced code section or particular provision of the code section." (Italics added.) Applying section 7.5's presumption as to how an ambiguous statute is to be interpreted, the trial court concluded section 1192.7, subdivision (c)(31)'s reference to section 245 took precedence over the descriptive language used in that subdivision so *all* violations of section 245 qualify as strikes.

Haykel contends the trial court misinterpreted section 1192.7, subdivision (c)(31). Two recent decisions, *People v. Winters* (2001) 93 Cal.App.4th 273 [113 Cal.Rptr.2d 158] and *Williams v. Superior Court* (2001) 92 Cal.App.4th 612 [111 Cal.Rptr.2d 918], support his position. Review was not sought in *Williams* and our Supreme Court has denied review in *Winters*. We agree with those decisions and follow them here.

■ Issues of statutory interpretation are reviewed de novo. (*Heavenly Valley v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1334 [101 Cal.Rptr.2d 591].) Subdivision (c)(31) was added to section 1192.7 by Proposition 21 (the Gang Violence and Juvenile Crime Prevention Initiative), but the rules of construction for initiative measures are the same as for legislative enactments. (*Williams v. Superior Court, supra,* 92 Cal.App.4th at p. 623.) We first look at the language of the statute, and if it is clear and unambiguous, we apply it according to its terms. (*People v. Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].)

■ There is nothing ambiguous or unclear about section 1192.7, subdivision (c)(31). By its plain language, the following types of assaults are serious felonies: "assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245." Assault by means of force likely to produce great bodily injury was not included. (*Williams v. Superior Court, supra,* 92 Cal.App.4th at p. 621.)

The Attorney General argues the legislative history of Proposition 21 demonstrates the voters intended to drastically expand the list of serious

felonies that could be invoked as strikes.[2] Indeed, Proposition 21 added some 14 felonies to the statutory serious felony list. (*People v. Winters, supra,* 93 Cal.App.4th at p. 276.) But that does not compel a conclusion that the voter's intended to include crimes not listed.

Had, as the Attorney General urges, the drafters of the initiative so clearly intended that *all* violations of section 245 be included, they were certainly well aware of how to say so, but did not. Section 245 lists a variety of crimes, but section 1192.7, subdivision (c)(31) only lists some of them as serious felonies. By contrast, section 12022.53 is another statute which lists a variety of crimes. Section 1192.7, subdivision (c)(40), enacted simultaneously with subdivision (c)(31), unambiguously declares "any violation of Section 12022.53" to be a serious felony. That similar language is absent from section 1192.7, subdivision (c)(31), declaring *any* violation of section 245 a serious felony, demonstrates an intent *not* to incorporate the entire section.

The Attorney General also urges us to look at the legislative history of section 7.5. He argues it demonstrates that in adopting section 7.5, the Legislature intended all violations of section 245 would be included as serious felonies under section 1192.7, subdivision (c)(31). But by its own terms, section 7.5 does not apply unless there is an ambiguity in another statute. We will not use section 7.5 to create an ambiguity in another statute which is clear on its face. (*People v. Winters, supra,* 93 Cal.App.4th at p. 278.) ▮ " 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' [Citation.]" (*Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].)

Finally, the Attorney General notes that section 1192.7, subdivision (c)(31) parallels the Matthew Bender Standard California Code title for section 245. Therefore, he posits, the voters must have intended the language of subdivision (c)(31) to be merely descriptive. The title given to section 245 by Matthew Bender & Co., Inc., now part of the LexisNexis Group, is "Assault With Deadly Weapon, Firearm, Machinegun, Assault Weapon, or Semiautomatic Firearm; Assault on Peace Officer or Firefighter." (Standard Cal. Codes (LEXIS 2001) Pen. Code, § 245.) We agree the publisher's descriptive title is very similar to the language of subdivision (c)(31), but it is of little consequence. "Even if we were persuaded, this court has no power to rewrite a statute to make it conform to an unexpressed but presumed

---

[2]We grant the Attorney General's request that we take judicial notice of certain documents contained in the legislative history of section 7.5 and Proposition 21 and of the descriptive titles for certain Penal Code sections used by code publisher Matthew Bender.

intention. ' "[T]he judicial role in a democratic society is fundamentally to interpret laws, not to write them. The latter power belongs primarily to the [P]eople and the political branches of government . . . ." [Citation.] . . . "This court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed." [Citations.]' [Citation.]" (*Williams v. Superior Court, supra,* 92 Cal.App.4th at p. 624.)

 Section 1192.7, subdivision (c)(31) is unambiguous. It includes most, but not all violations of section 245 as serious felonies. Assault by means of force likely to produce great bodily injury is not a serious felony as defined by section 1192.7, subdivision (c)(31). Accordingly, the trial court erred when it refused to dismiss the strike allegation premised on Haykel's 1995 conviction for that offense.

## II

 Haykel contends, and the Attorney General concedes, the trial court erred in imposing and *staying* the section 667.5, subdivision (b) prior prison term enhancement. "Unless a statute says otherwise, an enhancement may be *imposed* or *stricken,* but . . . may not be *stayed*; to do so is an illegal sentence. [Citation.]" (*People v. Harvey* (1991) 233 Cal.App.3d 1206, 1231 [285 Cal.Rptr. 158], italics added.) However, in view of our conclusion that the trial court may not sentence Haykel under the Three Strikes law, on remand for resentencing the trial court may reconsider its treatment of the prior prison term enhancement.

The finding that Haykel's prior conviction for assault by means of force likely to produce great bodily injury constitutes a strike is reversed, and the sentence imposed is vacated. The matter is remanded to the superior court for resentencing.

Moore, J., and Aronson, J., concurred.