[No. H023851. Sixth Dist. Jan. 13, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
STEFAN DE PORCERI, Defendant and Appellant.

62

**COUNSEL**

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Eric D. Share and Ryan B. McCarroll, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BAMATTRE-MANOUKIAN, Acting P. J.**—The only issue presented by this appeal is whether a prior conviction of assault with intent to commit lewd touching (Pen. Code, § 220)[1] qualifies as a strike under the three strikes statutes. For the reasons stated below, we will affirm the judgment.

Pursuant to a negotiated plea, defendant Stefan de Porceri pleaded no contest to four felony counts of lewd touching of minors under the age of 14 years (counts 1-4; § 288, subd. (a))[2] and two misdemeanor counts of annoying or molesting children under the age of 18 years (counts 5-6; § 647.6, subd. (a)). He also admitted a prior felony conviction of "Assault with intent to commit 288 PC (child molest), Penal Code section 220."

Defendant submitted to the court whether this prior conviction qualified as a prior strike within the meaning of the three strikes statutes, sections 667 and 1170.12. The effect of a prior qualifying as a strike is to double a defendant's sentence. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) Defendant agreed that his maximum sentence would be 28 years and his minimum would be 18 years with this strike. Without this strike his maximum sentence would be 14 years.

After the court determined that the prior conviction was a strike, the court denied defendant's request to strike the strike and sentenced defendant, then age 52, to prison for 18 years, consisting of the lower term of three years on count 1, plus three consecutive two-year terms, one-third the midterm, for counts 2 through 4. These terms were doubled due to the prior strike. Defendant also received 90-day concurrent sentences for each of his two misdemeanor convictions.

### 1. LISTS OF SERIOUS AND VIOLENT FELONIES

 On appeal defendant contends that a prior conviction of assault with intent to violate section 288 does not qualify as a strike because it is neither a violent nor a serious felony.

A prior felony conviction qualifies as a strike if it is "Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined

---

[1] Unspecified section references are to the Penal Code.

[2] Section 288, subdivision (a), prohibits "Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . . ."

in subdivision (c) of Section 1192.7 as a serious felony in this state."
(§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).) Both referenced statutes contain lists of felonies.

On March 8, 2000, the serious felony list in section 1192.7, subdivision (c)[3] included 41 items set out below.[4] This date is important because it was when Proposition 21 amended this subdivision to add new serious felonies and also enacted section 1170.125, which states: "Notwithstanding Section 2

---

[3]Further references to "the serious felony list" are to section 1192.7, subdivision (c) and references to "the violent felony list" are to section 667.5, subdivision (c).

[4]"(1) Murder or voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (5) oral copulation by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (6) lewd or lascivious act on a child under the age of 14 years; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing bodily injury, great bodily injury, or mayhem; (17) exploding a destructive device or any explosive with intent to murder; (18) any burglary of the first degree; (19) robbery or bank robbery; (20) kidnapping; (21) holding of a hostage by a person confined in a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering, giving, or offering to sell, furnish, administer, or give to a minor any heroin, cocaine, phencyclidine (PCP), or any methamphetamine-related drug, as described in paragraph (2) of subdivision (d) of Section 11055 of the Health and Safety Code, or any of the precursors of methamphetamines, as described in subparagraph (A) of paragraph (1) of subdivision (f) of Section 11055 or subdivision (a) of Section 11100 of the Health and Safety Code; (25) any violation of subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person; (26) grand theft involving a firearm; (27) carjacking; (28) any felony offense, which would also constitute a felony violation of Section 186.22; (29) assault with the intent to commit mayhem, rape, sodomy, or oral copulation, in violation of Section 220; (30) throwing acid or flammable substances, in violation of Section 244; (31) assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245; (32) assault with a deadly weapon against a public transit employee, custodial officer, or school employee, in violation of Sections 245.2, 245.3, or 245.5; (33) discharge of a firearm at an inhabited dwelling, vehicle, or aircraft, in violation of Section 246; (34) commission of rape or penetration by a foreign object in concert with another person, in violation of Section 264.1; (35) continuous sexual abuse of a child, in violation of Section 288.5; (36) shooting from a vehicle, in violation of subdivision (c) or (d) of Section 12034; (37) intimidation of victims or witnesses, in violation of Section 136.1; (38) terrorist threats, in violation Section 422; (39) any attempt to commit a crime listed in this subdivision other than an assault; (40) any violation of Section 12022.53; (41) any conspiracy to commit an offense described in this subdivision."

of Proposition 184, as adopted at the November 8, 1994 General Election, for all offenses committed on or after the effective date of this act, all references to existing statutes in Section 1170.12 are to those statutes as they existed on the effective date of this act, including amendments made to those statutes by this act." The effect of section 1170.125 is to change the "lock-in" date of statutory references in section 1170.12 from June 30, 1993, to March 8, 2000. (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 574-575 [117 Cal.Rptr.2d 168, 41 P.3d 3].) In other words, Proposition 21 updated the serious felony list for three strikes purposes.[5]

On March 8, 2000, the violent felony list in section 667.5, subdivision (c) included 22 items set out below.[6] Proposition 21 also amended this statute to

---

[5]On June 30, 1993, the serious felony list included only the following 27 items: "(1) Murder or voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (5) oral copulation by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (6) lewd or lascivious act on a child under the age of 14 years; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing great bodily injury or mayhem; (17) exploding a destructive device or any explosive with intent to murder; (18) burglary of an inhabited dwelling house, or trailer coach as defined by the Vehicle Code, or inhabited portion of any other building; (19) robbery or bank robbery; (20) kidnapping; (21) holding of a hostage by a person confined in a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering, giving, or offering to sell, furnish, administer, or give to a minor any heroin, cocaine, phencyclidine (PCP), or any methamphetamine-related drug, as described in paragraph (2) of subdivision ( d) of Section 11055 of the Health and Safety Code, or any of the precursors of methamphetamines, as described in subparagraph (A) of paragraph (1) of subdivision (f) of Section 11055 or subdivision (a) of Section 11100 of the Health and Safety Code; (25) any violation of subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person; (26) grand theft involving a firearm; (27) any attempt to commit a crime listed in this subdivision other than an assault." (Stats. 1989, ch. 1044, § 2.5, pp. 3632-3633.)

[6]"(1) Murder or voluntary manslaughter. [¶] (2) Mayhem. [¶] (3) Rape as defined in paragraph (2) or (6) of subdivision (a) of Section 261 or paragraph (1) or (4) of subdivision (a) of Section 262. [¶] (4) Sodomy by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. [¶] (5) Oral copulation by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. [¶] (6) Lewd acts on a child under the age of 14 years as defined in Section 288. [¶] (7) Any felony punishable by death or imprisonment in the state prison for life. [¶] (8) Any felony in which the defendant inflicts great bodily injury on any person other than an

add new violent felonies and enacted section 667.1, which states: "Notwithstanding subdivision (h) of Section 667, for all offenses committed on or after the effective date of this act, all references to existing statutes in subdivisions (c) to (g), inclusive, of Section 667, are to those statutes as they existed on the effective date of this act, including amendments made to those statutes by this act." Proposition 21 also updated the violent felony list for three strikes purposes.[7]

The serious felony list includes every violent felony as well as other felonies. For example, "(6) Lewd acts on a child under the age of 14 years as

accomplice which has been charged and proved as provided for in Section 12022.7 or 12022.9 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461, or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5, or 12022.55. [¶] (9) Any robbery. [¶] (10) Arson, in violation of subdivision (a) or (b) of Section 451. [¶] (11) The offense defined in subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. [¶] (12) Attempted murder. [¶] (13) A violation of Section 12308, 12309, or 12310. [¶] (14) Kidnapping. [¶] (15) Assault with the intent to commit mayhem, rape, sodomy, or oral copulation, in violation of Section 220. [¶] (16) Continuous sexual abuse of a child, in violation of Section 288.5. [¶] (17) Carjacking, as defined in subdivision (a) of Section 215. [¶] (18) A violation of Section 264.1. [¶] (19) Extortion, as defined in Section 518, which would constitute a felony violation of Section 186.22 of the Penal Code. [¶] (20) Threats to victims or witnesses, as defined in Section 136.1, which would constitute a felony violation of Section 186.22 of the Penal Code. [¶] (21) Any burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary. [¶] (22) Any violation of Section 12022.53."

[7]On June 30, 1993, the violent felony list included only the following 15 items: "(1) Murder or voluntary manslaughter. [¶] (2) Mayhem. [¶] (3) Rape as defined in paragraph (2) of Section 261. [¶] (4) Sodomy by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. [¶] (5) Oral copulation by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. [¶] (6) Lewd acts on a child under the age of 14 years as defined in Section 288. [¶] (7) Any felony punishable by death or imprisonment in the state prison for life. [¶] (8) Any felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 or 12022.9 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461, or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5, or 12022.55. [¶] (9) Any robbery perpetrated in an inhabited dwelling house, vessel, as defined in Section 21 of the Harbors and Navigation Code, which is inhabited and designed for habitation, inhabited trailer coach, as defined in the Vehicle Code, or in the inhabited portion of any other building, wherein it is charged and proved that the defendant personally used a deadly or dangerous weapon, as provided in subdivision (b) of Section 12022, in the commission of that robbery. [¶] (10) Arson, in violation of subdivision (a) of Section 451. [¶] (11) The offense defined in subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. [¶] (12) Attempted murder. [¶] (13) A violation of Section 12308. [¶] (14) Kidnapping, in violation of subdivision (b) of Section 207. [¶] (15) Continuous sexual abuse of a child, in violation of Section 288.5." (Stats. 1991, ch. 451, § 1, pp. 2246-2247.)

defined in Section 288" is a violent felony (§ 667.5, subd. (c)), while a "(6) lewd or lascivious act on a child under the age of 14 years" is a serious felony (§ 1192.7, subd. (c)). Also, "(15) Assault with the intent to commit mayhem, rape, sodomy, or oral copulation, in violation of Section 220" is a violent felony (§ 667.5, subd. (c)), while "(29) assault with the intent to commit mayhem, rape, sodomy, or oral copulation, in violation of Section 220" is a serious felony. (§ 1192.7, subd. (c).)

## 2. WAS DEFENDANT'S PRIOR CRIME AN ATTEMPT TO COMMIT A SERIOUS FELONY?

Defendant's prior crime was a violation of section 220, specifically assault with intent to violate section 288. Section 220 defines as a crime: "Every person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288 or 289."

The lists of serious or violent felonies do not include either "assault with intent to violate section 288" or "any violation of section 220." However, the serious felony list does include "(39) any attempt to commit a crime listed in this subdivision other than assault." The Attorney General asserts that this item 39 includes defendant's prior crime.

We note that "any attempt to commit a crime listed in this subdivision other than an assault" has been on the serious felony list since section 1192.7 was enacted in 1982 by Proposition 8. (Cf. *People v. Equarte* (1986) 42 Cal.3d 456, 461, fn. 5 [229 Cal.Rptr. 116, 722 P.2d 890] (*Equarte*).) It was on the serious felony list on June 30, 1993. (See fn. 5, *ante*, p. 65.)

Though an attempt to commit a crime is itself a crime (§§ 664, 21a), defendant does not argue that item 39 is limited to convictions of attempt. It has long been established that the serious felony list describes criminal conduct as well as specific crimes. (*Equarte*, *supra*, 42 Cal.3d 456, 463-464; *People v. Johnson* (1991) 233 Cal.App.3d 1541, 1546 [285 Cal.Rptr. 394]; *People v. Murphy* (2001) 25 Cal.4th 136, 145 [105 Cal.Rptr.2d 387, 19 P.3d 1129] (*Murphy*).) For example, a "lewd or lascivious act on a child under the age of 14 years," item 6 on the serious felony list, is not limited to convictions under section 288 but includes all lewd acts fitting this description, such as oral copulation with a child in violation of section 288a, subdivision (c). (*Murphy*, *supra*, 25 Cal.4th at pp. 141-148.)

Since a lewd or lascivious act on a child under the age of 14 years is a serious felony under item 6, under item 39 "any attempt" to commit a lewd or lascivious act on a child is also a serious felony. The remaining question

is whether defendant's conviction of assault with intent to violate section 288 qualifies as an attempt to commit a lewd or lascivious act on a child under the age of 14 years. ■ In answering this question, we are confined to the least adjudicated elements of defendant's prior conviction, because the prosecution provided no details about this offense. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 261-262 [70 Cal.Rptr.2d 334, 949 P.2d 31].)

■ Assault is statutorily defined as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) In *People v. Williams* (2001) 26 Cal.4th 779 [111 Cal.Rptr.2d 114, 29 P.3d 197], the California Supreme Court explained, "Over the decades, we have struggled to fit this 1872 definition of assault into our constantly evolving framework of criminal mental states." (*Id.* at p. 784.) While an assault is a form of attempt, "criminal attempt and assault require different mental states. Because the act constituting a criminal attempt 'need not be the last proximate or ultimate step toward commission of the substantive crime,' criminal attempt has always required 'a specific intent to commit the crime.' [Citation.]" (*Id.* at p. 786; cf. § 21a.) In contrast, mere assault does not require a specific intent. (*Williams*, at p. 787.) On the other hand, the crime of assault with intent to commit a crime does require a specific intent. (*People v. Coleman* (1989) 48 Cal.3d 112, 138 [255 Cal.Rptr. 813, 768 P.2d 32] [former crime of assault with intent to commit murder]; *People v. Key* (1984) 153 Cal.App.3d 888, 896 [203 Cal.Rptr. 144] [assault with intent to rape].)

■ Defendant contends, "Assault with the intent to commit [a] lewd act may be committed without necessarily attempting such an act." *People v. Rupp* (1953) 41 Cal.2d 371 [260 P.2d 1] refuted this notion. ■ "[A]n assault with intent to commit rape is merely an aggravated form of an attempted rape, the latter differing from the former only in that an assault need not be shown. [Citation.] 'An "assault" with intent to commit a crime necessarily embraces an "attempt" to commit said crime but said "attempt" does not necessarily include an "assault." ' " (*Id.* at p. 382; *People v. Martinez* (1985) 171 Cal.App.3d 727, 734 [217 Cal.Rptr. 546].) *People v. Ramirez* (1969) 2 Cal.App.3d 345 [82 Cal.Rptr. 665] stated, "An attempt to commit rape by force and violence and an assault with intent to commit rape against the same victim and at the same time are but two different ways of describing the same criminal act." (*Id.* at p. 354.) *People v. Koontz* (1984) 162 Cal.App.3d 491 [208 Cal.Rptr. 519] stated, "Defendant necessarily committed attempted murder in his assault with intent to commit murder." (*Id.* at p. 497.)

■ Defendant cites no case where conduct was found to amount to an assault with intent to commit a crime but not an attempt to commit the

crime. He argues that an "assault may be committed without physical contact when a person makes a demand or threat." This type of assault "does not have to progress to the point of constituting an attempt." This kind of conduct occurred in *People v. Imler* (1992) 9 Cal.App.4th 1178 [11 Cal.Rptr.2d 915], where the defendant called a young boy on the telephone and asked him to touch his own penis, falsely claiming that he was holding the boy's father hostage. (*Id.* at p. 1180.) The appellate court found there was sufficient evidence to uphold the defendant's conviction of attempting a lewd act on a child. (*Id.* at pp. 1181-1182.)

We conclude that an assault with intent to commit a violation of section 288 necessarily involves an attempt to commit a lewd or lascivious act on a child under the age of 14. Thus, defendant's prior conviction qualified as a serious felony under section 1192.7, subdivision (c)(39).

### 3. STATUTORY SURPLUSAGE AND THE INTENT OF THE VOTERS

The Attorney General points out that this interpretation of "any attempt" in item 39 has consequences for other parts of the serious felony list. For every crime that is a serious felony, it makes assault with intent to commit that crime a serious felony. For example, "(3) rape" and "(10) assault with intent to commit rape or robbery" have been serious felonies since section 1192.7 was enacted in 1982. Since every assault with intent to commit rape (item 10) necessarily includes an attempt to commit (item 39) rape (item 3), this part of item 10 merely restates one application of item 39.

This type of redundancy has long been a feature of the serious felony list. The California Supreme Court has noted that the items on the serious felony list were not designed to be mutually exclusive. Instead, they are overlapping and cumulative. (*Equarte, supra,* 42 Cal.3d 456, 465.) Attempted murder, for example, falls under three different categories including " 'any attempt.' " (*Id.* at p. 465, fn. 11.)

While courts should strive to avoid constructions that make statutory words surplusage (*Williams v. Superior Court* (2001) 92 Cal.App.4th 612, 620 [111 Cal.Rptr.2d 918]; *People v. Loeun* (1997) 17 Cal.4th 1, 9 [69 Cal.Rptr.2d 776, 947 P.2d 1313]), this principle is merely a guide and should not be employed to defeat legislative intent. (*People v. Cruz* (1996) 13 Cal.4th 764, 782 [55 Cal.Rptr.2d 117, 919 P.2d 731].) Our interpretation of items 10 ("assault with intent to commit rape") and 39 ("any attempt to commit" a listed felony) recognizes that the serious felony list is written to sometimes describe the same criminal conduct in more than one way.

We turn to the statutory language on which defendant focuses. In 2000, Proposition 21 added item 29 to the serious felony list: "(29) assault with the intent to commit mayhem, rape, sodomy, or oral copulation, in violation of Section 220." Proposition 21 also added the identical terms to the violent felony list in item 15.

Defendant contends that, in enacting item 29, the voters intentionally left out some of the conduct proscribed by section 220, which defines as a crime: "Every person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288 or 289." Defendant contends that the omission to mention violations of sections 264.1, 288, and 289 is significant. It demonstrates an intent to exclude assault with intent to violate section 288 as a serious felony.

■ The court's objective in interpreting statutory language added by initiative is to ascertain the voters' intent. (*Williams v. Superior Court, supra,* 92 Cal.App.4th 612, 622; *People v. Winters* (2001) 93 Cal.App.4th 273, 277 [113 Cal.Rptr.2d 158] (*Winters*); cf. *Murphy, supra,* 25 Cal.4th 136, 142.) Our starting point is the language of the statute, considering particular terms in the context of the whole. (*Murphy, supra,* 25 Cal.4th 136, 142.) If the language is clear and unambiguous, there is no need for construction. (*Williams, supra,* 92 Cal.App.4th at p. 623; *Winters, supra,* 93 Cal.App.4th at p. 277; *People v. Haykel* (2002) 96 Cal.App.4th 146, 149 [116 Cal.Rptr.2d 667]; *People v. Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].)

■ We are familiar with the principle " ' " '[w]here a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed.' " ' " (*People v. Duran* (2001) 94 Cal.App.4th 923, 941 [114 Cal.Rptr.2d 595]; cf. *People v. Drake* (1977) 19 Cal.3d 749, 755 [139 Cal.Rptr. 720, 566 P.2d 622].) ■ We question the applicability of this principle to the overlapping items on the serious felony list. Proposition 21 enacted "(29) assault with the intent to commit mayhem, rape, sodomy, or oral copulation, in violation of Section 220." In enacting item 29, Proposition 21 did not disturb the existing listing of "(10) assault with intent to commit rape." Thus, item 29 was obviously intended to be somewhat redundant and not exclusive of other items on the serious felony list.

Defendant cites nothing from the ballot arguments for and against Proposition 21 or from the Legislative Analyst's analysis indicating an intent to make an exclusive listing of the violations of section 220 that would qualify as serious felonies. By the same token, there is no legislative history

indicating that item 29 was intended to include violations of section 220 not specifically described. All we find is this explanation by the Legislative Analyst. "This measure revises the lists of specific crimes defined as serious or violent offenses, thus making most of them subject to the longer sentence provisions of existing law related to serious and violent offenses. In addition, these crimes would count as 'strikes' under the Three Strikes law." (Voter Information Guide, Primary Elec. (Mar. 7, 2000) analysis of Prop. 21 by the Legis. Analyst, pp. 46-47 [<http://primary2000ss.ca.gov/VoterGuide/ Propositions/21analysis.htm> (as of Jan. 13, 2003)].)

Defendant recognizes that "[a]ssault with intent to commit . . . mayhem, sodomy," and "oral copulation," was not added to the serious felony list by Proposition 21. This language was added to item 10 of the statutory list by the Legislature in 1998. (Stats. 1998, ch. 936, § 13.) What Proposition 21 did was to move this language from item 10 to item 29 and to include the reference to section 220. By enacting section 1170.125, Proposition 21 also updated the serious felony list for purposes of the three strikes statutes.

In reviewing this language in item 29, we consider the legislative intent in expanding item 10 from "assault with intent to commit rape or robbery." It appears that this language referring to mayhem, sodomy, and oral copulation was added to item 10 on March 16, 1998, when the Senate amended Assembly Bill No. 357. (<http://www.leginfo.ca.gov/pub/97-98/bill/asm/ ab_0351-0400/ab_357_bill_19980316_amended_sen.html> [as of Jan. 13, 2003].) This amendment is explained by a Senate Public Safety Committee report from July 1, 1998. It was perceived to be cleanup legislation. The report stated: "Mayhem, robbery, and the sexual assault offenses are serious felonies, as are attempts to commit those crimes. The offenses defined in Penal Code Section 220 constitute an aggravated attempt to commit rape, rape in-concert, foreign object rape, lewd acts on a child under 14, sodomy, oral copulation or mayhem. (<u>People v. Rupp</u> (1953) 41 Cal.2d 371, 382 [260 P.2d 1]). Case law indicates that the assault has to be committed by means of force. (<u>People v. Peckham</u> (1967) 249 Cal.App.2d 941, 944-945 [57 Cal.Rptr. 922]). Thus, each of the offenses listed in Section 220 is already a serious felony under another provision. [¶] This bill lists as serious felonies the conduct referred to in Section 220." (<http://www.leginfo.ca.gov/pub/97-98/bill/asm/ab_0351-0400/ab_357_cfa_19980701_123026_sen_comm.html> [as of Jan. 13, 2003].)

The legislative history does not explain why only some of the crimes underlying section 220 were mentioned. Further, we observe that not all forms of sodomy and oral copulation are serious felonies. Only sodomy and oral copulation "by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or

another person" are serious felonies. Nevertheless, it appears from this legislative history that the Legislature believed that this amendment of item 10 of the serious felony list (including much the same language now found in item 29) would merely clarify that crimes which were already serious felonies would be recognized as serious felonies. This is consistent with our understanding of the serious felony list as intentionally redundant.

We would reach the same conclusion without resort to this legislative history. The serious felony list has always been designed to describe or categorize some types of criminal conduct in more than one way. When the list is changed to add another description of criminal conduct, it should not be assumed that the new description was intended to be exclusive. It may merely be another way of describing conduct already on the list. We understand item 29 as intended merely to clarify that the specified violations of section 220 ("assault with the intent to commit mayhem, rape, sodomy, or oral copulation") are serious felonies. It was not intended to exclude other unspecified violations of section 220 (assault with intent to commit any violation of § 264.1, 288 or 289) as serious felonies if they are otherwise described on the serious felony list.

Since a "lewd or lascivious act on a child under the age of 14 years" is a serious felony (§ 1192.7, subd. (c)(6)) and "any attempt to commit a crime listed in this subdivision" is a serious felony (§ 1192.7, subd. (c)(39)), we conclude that an assault with intent to violate section 288 is a serious felony as an attempt, though this crime is not also mentioned in section 1192.7, subdivision (c)(29), "assault with the intent to commit mayhem, rape, sodomy, or oral copulation, in violation of Section 220."

In light of our conclusion, we need not reach defendant's contention that item 29 should not be applied retroactively to the lewd touching counts 1, 2 and 4, which predate its enactment.

DISPOSITION

The judgment is affirmed.

Wunderlich, J., and Mihara, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 16, 2003. Werdegar, J., Brown, J., and Moreno, J., were of the opinion that the petition should be granted.