Filed 6/26/14  P. v. Sanchez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUAN JAIME SANCHEZ,<br><br>    Defendant and Appellant. | G048631<br><br>(Super. Ct. No. 06SF0017)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Juan Jaime Sanchez appeals from an order denying his motion to recall his sentence under the Three Strikes Reform Act of 2012 (the Act), which added Penal Code[1] section 1170.126 and amended sections 667 and 1170.12. The trial court apparently denied the motion because defendant had a prior conviction for a sexually violent offense, specifically, assault with intent to commit sodomy. Defendant appeals, arguing there was insufficient evidence his prior crime was committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury. We disagree with defendant and therefore affirm the order.

## I

## FACTS

In 2001, defendant pleaded guilty to one count of first degree burglary (§§ 459, 460, subd. (a)), one count of assault with intent to commit sodomy (§ 220) and one count of attempted rape (§§ 664, 261, subd. (a)(2)). In his written statement, defendant offered the following facts as the basis for his plea: "On October 5, 2000, in Orange County, I entered the residence of [the victim] w/the intent to commit larceny and a sexual assault. I also assaulted [the victim] with the intent to forcibly penetrate her anus and I attempted to forcibly penetrate her vagina." He was sentenced to four years in prison.

In 2005, defendant entered the apartment of his children's mother in the early morning hours. He got on top of the victim, hit her and pulled her hair, causing injury. A neighbor entered the apartment and pulled defendant off the victim. Defendant assaulted the neighbor with a beer bottle. Defendant was ultimately convicted of one count of misdemeanor assault (§ 240) and one count of domestic battery with corporal injury (§ 273.5, subd. (a)). The information in that case alleged three strike priors, all arising out of the 2000 case. Defendant waived his right to a jury trial and admitted the

---

[1] Subsequent statutory references are to the Penal Code unless otherwise noted.

2

truth of the convictions. The court declined his request to strike any of the prior convictions pursuant to section 1385, and sentenced defendant to 25 years to life in prison. This court affirmed. (*People v. Sanchez* (Nov. 19, 2008, G039102) [nonpub. opn.].)

On March 25, 2013, defendant filed a motion to recall his sentence pursuant to the Act. He argued his most recent felony conviction, for domestic battery with corporal injury, was not violent or serious, and he had no disqualifying factors.

On May 2013, the trial court denied the motion. The court's order stated defendant had a prior conviction for a crime listed in section 667, subdivision (e)(2)(C)(iv) or section 1170.12, subdivision (c)(2)(C)(iv). Defendant now appeals.[2]

II

DISCUSSION

"On November 6, 2012, voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act). Under the three strikes law [citation] as it existed prior to Proposition 36, a defendant convicted of two prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a third felony. Under the Act, however, a defendant convicted of two prior serious or violent felonies is subject to the 25-year-to-life sentence only if the third felony is *itself* a serious or violent felony. If the third felony is not a serious or violent felony, the defendant will receive a sentence as though the defendant had only one prior serious or violent felony conviction, and is therefore a second strike, rather than a third strike, offender. The Act also provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony

---

[2] We recognize the law is unsettled regarding the appealability of orders such as the one at issue here. There are several cases on this point currently under review at the California Supreme Court. The parties did not argue the question in this case. Defendant simply stated the order was appealable under section 1237.5, which is simply incorrect, and the Attorney General did not raise the issue at all. Based on the current state of the law, we conclude the order is appealable.

conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction. According to the specific language of the Act, however, a current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1285, fn. omitted.)

The statute limits the eligibility of inmates who may be resentenced based on their prior crimes. Section 1170.126, subdivision (e)(3) states that an inmate who is otherwise qualified for resentencing is only eligible if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." These were the sections cited by the trial court in its decision to deny defendant's motion.

Both section 667, subdivision (e)(2)(C)(iv), and section 1170.12, subdivision (c)(2)(C)(iv) list the following offenses:

"(I) A 'sexually violent offense' as defined in[3] subdivision (b) of Section 6600 of the Welfare and Institutions Code.

"(II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she . . . sodomy with another person who is under 14 years of age and more than 10 years younger than he or she . . . or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she . . . .

"(III) A lewd or lascivious act involving a child under 14 years of age . . . .

"(IV) Any homicide offense, including any attempted homicide offense . . ..

"(V) Solicitation to commit murder . . . .

---

[3] Section 1170.12 uses "defined by" instead of "defined in," but otherwise these provisions are identical.

4

"(VI) Assault with a machine gun on a peace officer or firefighter . . . .

"(VII) Possession of a weapon of mass destruction . . . .

"(VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death."

The only provision of any potential relevance here is the "sexually violent offense" subsection, and both parties agree that was the trial court's basis for denying the motion. Welfare and Institutions Code section 6600, subdivision (b) describes a sexually violent offense as "the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person, and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as defined in subdivision (a): a felony violation of Section 261, 262, 264.1, 269, 286, 288, 288a, 288.5, or 289 of the Penal Code, or any felony violation of Section 207, 209, or 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 288, 288a, or 289 of the Penal Code."

Defendant was convicted of violating section 220, assault with intent to commit sodomy, in 2001. Defendant's only argument in this appeal was there was insufficient evidence for the trial court to conclude that he committed assault with intent to commit sodomy by force or fear within the meaning of Welfare and Institutions Code section 6600, subdivision (b).

Assault is defined as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) This is in contrast to battery, which does require contact with the victim. (§ 242.) "An assault is an incipient or inchoate battery; a battery is a consummated assault. 'An assault is a necessary element of battery, and it is impossible to commit battery without assaulting the victim.' [Citations.]" (*People v. Colantuono* (1994) 7 Cal.4th 206, 216–217.) Defendant is

therefore technically correct that in theory, one could commit assault with intent to commit sodomy without force. Unfortunately for defendant, however, he admitted that he did use force in the statement he wrote as the factual basis for his guilty plea. "I also assaulted [the victim] with the intent to forcibly penetrate her anus and I attempted to forcibly penetrate her vagina." It was reasonable to conclude, therefore, that defendant indeed used physical force.

We agree with the Attorney General that assault with intent to commit sodomy is analogous to assault with intent to commit rape. Like that crime, accordingly, assault with intent to commit sodomy is an aggravated form of attempted sodomy. (See *People v. De Porceri* (2003) 106 Cal.App.4th 60, 68.) Attempted forcible rape requires proof the defendant had the specific intent to commit the crime and performed a direct but ineffectual act, beyond mere preparation, to commit the crime. (*People v. Guerra* (2006) 37 Cal.4th 1067, 1130.) The crime of assault with intent to commit rape, or sodomy, as an aggravated form of the attempt crime, must go even further. It is difficult to envision any scenario with a conscious victim that would not involve either force or fear.

Moreover, even if force could not be established, it belies logic that a conscious, sentient victim would not experience fear in such a situation. Even if, for example, she was attempting to flee and therefore defendant did not actually touch her, she certainly experienced fear. Defendant calls this "speculation," but we call it common sense. How, one wonders, could a perpetrator somehow make an attempt to forcibly penetrate her without causing fear? We have no trouble concluding defendant committed a sexually violent offense within the meaning Welfare and Institutions Code section 6600, subdivision (b), and he was therefore disqualified from seeking relief under the Act.

### III

### DISPOSITION

The order is affirmed.


                                    MOORE, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.