Filed 2/20/14  P. v. Smith CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GOLDEN SMITH,<br><br>    Defendant and Appellant. | H039670<br>(Santa Clara County<br>Super. Ct. No. C1236414) |

Defendant Golden Smith pleaded no contest to assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)) and admitted a prior strike conviction.[1]  Prior to sentencing, Smith moved to withdraw his plea on the ground that he was pressured to accept it by his attorney.  Following a combined *Marsden*[2] and motion-to-withdraw hearing, the court denied the motion and sentenced Smith to a term of six years.  Smith appealed, challenging the validity of his plea.  For the following reasons, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Smith was charged with battery inflicting serious bodily injury in violation of section 243, subdivision (d).  The information alleged Smith had a prior conviction for battery inflicting serious bodily injury in violation of section 243, subdivision (d) that constituted a "violent" felony under section 667.5, subdivision (c) and a "serious" felony

---

[1] Further unspecified statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

within the meaning of section 1192.7, subdivision (c). Accordingly, the prior conviction constituted a strike for purposes of the Three Strikes law. The information also alleged that the prior conviction constituted a "serious" felony within the meaning of section 667, subdivision (a), which imposes a five-year sentence enhancement on all defendants convicted of a serious felony who have a prior serious felony conviction. Such five-year enhancements are known as " 'Prop. 8 priors.' " (*People v. Vera* (2004) 122 Cal.App.4th 970, 975.)

Smith accepted a plea bargain pursuant to which the charge was amended to assault by means of force likely to produce great bodily injury in violation of section 245, subdivision (a)(4), which is not a strike offense. (See *People v. Winters* (2001) 93 Cal.App.4th 273.) The Proposition 8 prior also was stricken pursuant to the plea agreement, which called for Smith to receive a six-year sentence.

On January 25, 2013, Smith pleaded no contest to assault by means of force likely to produce great bodily injury in violation of section 245, subdivision (a)(4). He also admitted the prior strike conviction.

At a hearing three months later, Smith informed the court that he wished to withdraw his plea. Smith stated that he had pleaded no contest because he felt pressured to do so by his attorney, Kipp Davis. Immediately following that statement, the court held a hearing pursuant to *People v. Marsden*, *supra*, 2 Cal.3d 118, under which a defendant has the right to discharge appointed counsel for inadequate representation and substitute another appointed counsel. In conjunction with the *Marsden* hearing, the court also held a hearing on the motion to withdraw the plea.

Smith explained that he has mental health issues, which caused him to feel nervous and prevented him from thinking clearly at the time he pleaded no contest. He said that his attorney spoke quickly and told him that his options were restricted. Attorney Davis responded that he viewed the plea as a "very good disposition" because, without it, Smith faced nine years in prison and a second serious felony conviction.

2

According to Davis, he believed that if Smith went to trial, a conviction under section 243, subdivision (d) was possible because the underlying incident was caught on video and the complaining witness represented that he had been knocked unconscious. Davis further explained that he did not intend to intimidate Smith, but to explain Smith's potential exposure on the charged offense.

The court denied the *Marsden* motion and the motion to withdraw the plea and sentenced Smith to six years.

Smith timely appealed and requested a certificate of probable cause. The trial court granted that request. Appointed appellate counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, stating the case and the facts but raising no issues and requesting that this court review the record for error independently. Smith submitted a letter brief urging that (1) there is insufficient evidence that he caused great bodily injury; (2) attorney Davis pressured Smith into taking the plea deal; and (3) Smith was not on his medication at the time he pleaded no contest, which "may have also played a role in [his] not having the ability to function and think with a clear state of mind."

## II.    DISCUSSION

Smith's letter does not raise any arguable issues on appeal. With respect to Smith's first contention, the extent of any injury to the victim is irrelevant to the crime to which Smith pleaded, assault in violation of section 245, subdivision (a). (*People v. Parrish* (1985) 170 Cal.App.3d 336, 343 ["section 245, subdivision (a), is directed at the force used, and it is immaterial whether the force actually results in any injury. . . . [¶] Infliction of great bodily injury is not an element of assault by means likely to produce great bodily injury."].)

We construe Smith's second contention as a claim of ineffective assistance of counsel in advising Smith with respect to accepting the plea agreement. According to Smith, attorney Davis pressured him to accept the plea despite a lack of any evidence of

3

serious bodily injury to the victim, an element of the crime charged. (§ 243, subd. (d).) We have examined the entire record and are satisfied that Smith's attorney complied with the responsibilities of counsel. As to Davis's conclusion that a conviction under section 243, subdivision (d), was possible, we note that the statute defines "serious bodily injury" to include "loss of consciousness." (*Id*., subd. (f)(4).) Smith notes that, had he gone to trial, the question whether the victim lost consciousness may have come down to the victim's word that he did against Smith's word that he did not. But attorney Davis could reasonably have concluded that the jury was more likely to believe the victim, and based his recommendation that Smith accept the plea on that conclusion. To the extent Smith's claim of ineffective assistance of counsel is based on factual questions outside the record, it is more appropriately raised by a writ of habeas corpus. (*People v. Salcido* (2008) 44 Cal.4th 93, 172.)

Finally, Smith's third contention fails because he does not show that the lack of any medications at the time of the January 25 hearing adversely affected his ability to understand the proceeding or his plea. The record shows that Smith's case was assigned to the mental health calendar, but it does not disclose the nature of Smith's mental health issues or any medications he may be taking. At the time Smith moved to withdraw his plea, he noted that he was not on the medication he takes for mental health issues during the January 25 hearing. However, he also assured the trial court that "there was nothing [he] didn't understand" at the prior hearing. Accordingly, Smith did not show that his mental health impaired his ability to understand the nature and impact of the courtroom proceedings at which he pleaded no contest, or otherwise "overc[ame] the exercise of his free judgment," as is required to establish the requisite good cause for a motion to withdraw a plea. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.)

In addition to considering the issues submitted by Smith, pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the whole record and have concluded there is no arguable issue on appeal.

4

## III.  DISPOSITION

The judgment is affirmed.

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Márquez, J.

5