Filed 7/21/14  P. v. Lewis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058862 |
| v. | (Super.Ct.No. FSB027043) |
| CHARLES LEMON LEWIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Charles Lewis is serving 25 years to life in prison after being sentenced under the Three Strikes law in 2001 for assault with a deadly weapon.  Defendant appeals

1

from the superior court's order denying his petition for recall of sentence under Penal Code section 1170.126.[1] Defendant contends that he is eligible for discretionary resentencing because his third strike—assault with a deadly weapon—was not on the list of serious or violent felony on the date he committed the crime, although it was added to the list shortly thereafter. As discussed below, we affirm the superior court's ruling finding defendant ineligible for resentencing under section 1170.126.

## FACTS AND PROCEDURE

On January 6, 2000, defendant supplied a shotgun to two men and accompanied them to a residence. They knocked on the front door, argued with the drug dealer who answered, and then, as planned shot and robbed him. The victim died less than one month later from his wounds. Defendant went to the home with the two men, but did not shoot the victim.

On March 7, 2000 the voters adopted Proposition 21. " . . . Proposition 21 amended section 1192.7 subdivision (c), by adding 14 felonies to the statutory 'serious felony' list." (*People v. Winters* (2001) 93 Cal.App.4th 273.) This included assault with a deadly weapon and was effective March 8, 2000. (§ 1192.7, subd. (c)(31).)

On March 28, 2001, a jury found defendant guilty of assault with a firearm (§ 245, subd. (a)(2)) as an aider and abettor, but acquitted defendant of murder. (§ 187, subd. (a).) On June 27, 2001, the trial court found that defendant had two prior strike

---

[1] All section references are to the Penal Code unless otherwise indicated.

convictions—robbery from 1992 and assault with a firearm from 1995. On August 3, 2001, the court sentenced defendant to 25 years to life.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act ("Reform Act"). Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the Three Strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f) & (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or subdivision (c) of section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).)

On December 17, 2012, defendant filed in pro per a petition for resentencing under section 1170.126. On December 31, 2012, the superior court appointed the public defender to represent defendant. On May 17, 2013, the court found defendant ineligible

3

for resentencing under section 1170.126 because his current commitment offense is a serious and violent felony. Defendant filed a timely notice of appeal.[2]

## DISCUSSION

Defendant nicely frames the issue to be considered here: "[H]ow the serious (§ 1192.7, subd. (c)) and/or violent (§ 667.5, subd. (c)) nature of the current felony conviction is to be determined when considering resentencing under section 1170.126— under the statutes in effect at the time the current crime was committed or under the statutes in effect at the time of the resentencing consideration." The People argue that the Reform Act bases eligibility on whether the current felony conviction is considered serious or violent as the Reform Act is currently drafted, not whether it was considered serious or violent when defendant committed the offense.

We agree with the People that the plain and most common-sense meaning of section 1170.126 requires that the current felony not be on the serious or violent felony list as it is currently drafted. Similar operative language is found in subdivisions (b) and (e)(1). Subdivision (b) provides: "(b) Any person serving an indeterminate term of life

---

[2] We note that the California Supreme Court has granted review in cases that have found that the trial court's order on a postjudgment petition pursuant to section 1170.126 is a nonappealable order. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017, briefing deferred pursuant to rule 8.512(d)(2), Cal. Rules of Court.) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) We will review defendant's appeal.

4

imprisonment . . . of a felony or felonies *that are not defined* as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . ." Subdivision (e)(1) similarly provides that an inmate is eligible for discretionary resentencing if he or she is serving an indeterminate life term "for a conviction of a felony or felonies *that are not defined* as serious and/or violent felonies . . . ." As the People point out, this provision is in the present tense in both subdivisions. Defendant's urged interpretation of this statute would have been very easy to express—the drafters/voters could have used the past tense, granting the right to file a petition to any person serving a life sentence under the Three Strikes law upon conviction "of a felony or felonies that *were not defined* as serious and/or violent felonies a the time the person committed the offense or offenses." However, the statute is not so worded, and in fact such an interpretation of this straightforward language would be a strained one.

Our colleagues in the Second District, Division 7, have recently addressed this issue and we find their reasoning and conclusions on this point to be persuasive. In *People v. Braziel* (2014) 225 Cal.App.4th 933 (*Braziel*), a jury convicted the defendant in 1999 of making a terrorist/criminal threat (§ 422) and other felonies not relevant to this discussion. The defendant had two prior strike convictions. Although the threats offense was not at that time considered a serious or violent felony, the defendant received an indeterminate term of 25 years to life for that offense. Proposition 21 amended section 1192.7 subdivision (c), effective March 8, 2000, to add making a terrorist/criminal threat to the statutory 'serious felony' list (§ 1192.7, subd. (c)(38)).

The appellate court in *Braziel* concludes that the defendant was not eligible for discretionary resentencing under Proposition 36 because, at the time the Reform Act became law, and thereafter, the terrorist/criminal threats offense was a serious or violent felony. The court's reasoning is as follows. First, as discussed above, the language of section 1170.126, subdivisions (b) and (e)(1) is in the present tense, with no mention of whether the current offense was a serious or violent felony on the date the defendant committed the offense. (*Braziel, supra,* 225 Cal.App.4th at pp. 940-941.) Second, this interpretation does not violate a defendant's "constitutional right against ex post facto laws." This is because "Section 1170.126 . . . does not increase the punishment for a previously committed offense. It makes certain defendants eligible for a decreased punishment . . . ." (*Id.* at pp. 943-944) Third, the *Braziel* court cited to numerous cases which "have consistently determined whether a prior offense was a serious and/or violent felony using the current definitions of serious and/or violent felonies, not the definitions in place at the commission of the prior offense." (*Id.* at p. 944) We see no need to elaborate on the *Braziel* court's reasoning on this point, as we concur with it in all respects.

In conclusion, the relevant language in the Reform Act simply does not support defendant's argument that the disqualifying list of serious or violent felonies in section 1192.7, subdivision (c) differs among defendants depending on the state of the list on the date they committed their commitment offense.

## DISPOSITION

The superior court's ruling is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

RICHLI
J.

MILLER
J.