Filed 9/2/15  P. v. Burns CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MONROE WALTER BURNS,<br><br>    Defendant and Appellant. | F069147<br><br>(Super. Ct. No. 240912)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County.  John D. Freeland, Judge.

Sylvia Whatley Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Peter H. Smith and Daniel B. Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

The Three Strikes Reform Act of 2012 (hereafter Proposition 36 or the Act) created a postconviction release proceeding for third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies. If such an inmate meets the criteria enumerated in Penal Code section 1170.126, subdivision (e), he or she will be resentenced as a second strike offender unless the court determines such resentencing would pose an unreasonable risk of danger to public safety.[1] (§ 1170.126, subd. (f); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 168.)

After the Act went into effect, Monroe Walter Burns (defendant), an inmate serving two concurrent indeterminate terms of 25 years to life under the three strikes law, moved to have his sentence recalled and for resentencing under the Act. The trial court determined defendant was ineligible for resentencing and denied the petition.[2]

We hold defendant was ineligible for resentencing with respect to his conviction for assault with a deadly weapon, but was eligible for resentencing with respect to his conviction for petty theft with a prior conviction. Accordingly, we affirm in part and reverse in part, and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On August 8, 2000, a jury convicted defendant of assault with a deadly weapon (§ 245, subd. (a)(1)) and petty theft with a prior theft-related conviction (§§ 484, subd. (a), 666). He was found to have been previously convicted of robbery (§ 211) and kidnapping (§ 207), both of which constituted serious felonies under the three strikes law

---

[1]     Further statutory references are to the Penal Code.

[2]     Although we refer to the trial court, the judge who originally sentenced defendant was no longer on the bench at the time the resentencing petition was filed. Accordingly, another judge was assigned to rule on the petition. (See § 1170.126, subd. (j).)

Denial of the petition is an appealable order. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.)

(§ 667, subd. (d)), and to have served a prior prison term (§ 667.5, subd. (b)). He was sentenced to concurrent terms of 25 years to life plus one year.

On November 9, 2012, defendant petitioned the trial court for a recall of sentence pursuant to section 1170.126. In support, he submitted a number of documents attesting to his participation in, and completion of, various rehabilitative courses.

The People opposed the petition on the ground defendant was ineligible for resentencing pursuant to section 1170.126, subdivision (e)(1), which requires that an eligible petitioner must be serving an indeterminate sentence for a nonserious, nonviolent felony. The People asserted defendant's commitment conviction of assault with a deadly weapon constituted a serious felony under current section 1192.7, subdivision (c)(31), but they observed that the offense was committed in 1999 and, prior to March 8, 2000, assault with a deadly weapon constituted a serious felony only when the defendant personally used the weapon (§ 1192.7, subd. (c)(23)). They argued the court could review the trial transcript to determine whether the prosecution proved defendant personally used a deadly weapon, and they attached portions of that transcript. The People also opposed the petition on the ground that, if eligible, defendant still should not be resentenced because to do so would pose an unreasonable risk of danger to public safety. In support, the People pointed to defendant's criminal history.

On March 6, 2014, the trial court denied the petition. It stated it had reviewed the portions of the trial transcript attached to the People's opposition, and the facts described by the witnesses supported a conviction for assault with a deadly weapon. It noted we also so found on appeal. Accordingly, it concluded defendant did not meet the eligibility requirements for resentencing.

## DISCUSSION

Insofar as is pertinent to this appeal, in order for an inmate to be eligible for resentencing under the Act, he or she must be serving an indeterminate term of life imprisonment imposed under the three strikes law "for a conviction of a felony or

3.

felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) Defendant's conviction for petty theft with a prior conviction clearly meets this requirement. When defendant committed his offenses in 1999, however, assault with a deadly weapon constituted a serious felony only if the defendant personally used a dangerous or deadly weapon. (§ 1192.7, subd. (c)(23); *People v. Rodriguez* (1998) 17 Cal.4th 253, 261.) In 2000, voters adopted Proposition 21, which, among other things, added subdivision (c)(31) to section 1192.7. Under that provision, all assaults with deadly weapons are now serious felonies. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1067, fn. 3, 1070, fn. 4.)[3]

Defendant says the trial court erred by finding him ineligible for resentencing under section 1170.126 with respect to his conviction for assault with a deadly weapon. He claims the definition of violent or serious felony, for purposes of deciding eligibility for resentencing under section 1170.126, is the definition of those terms in effect at the time of the commission of the offense being punished. He then argues the fact of being armed with a deadly weapon or personal use of a deadly weapon had to be pled and proven; hence, the trial court could not properly make "any 'extra fact' determination" to find defendant personally used a deadly weapon during commission of the offense.

We need not reach defendant's pleading-and-proof claim (which, defendant acknowledges, we rejected in *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1057-1063). This is so because the California Supreme Court recently held: "[F]or purposes of resentencing under section 1170.126, the characterization of the current offense as serious or violent is based on the law as of the effective date of Proposition 36, November 7, 2012." (*People v. Johnson* (2015) 61 Cal.4th 674, 695 (*Johnson*).)

---

**3** At no time has assault with a deadly weapon constituted a violent felony as defined in section 667.5, subdivision (c).

In the present case, the information and abstract of judgment clearly show defendant was charged with, and convicted of, assault with a deadly weapon, in violation of section 245, subdivision (a)(1). At the time, subdivision (a)(1) of section 245 could be violated either by assaulting the person of another with a deadly weapon or instrument other than a firearm, or by any means of force likely to produce great bodily injury. (See former § 245, subd. (a)(1).) Assault by means of force likely to produce great bodily injury is not a serious felony, even under section 1192.7, subdivision (c)(31). (*People v. Haykel* (2002) 96 Cal.App.4th 146, 151.) In light of the unambiguous description, in the abstract of judgment, of defendant's conviction as being for "Assault with deadly weapon," there can be no doubt defendant was convicted of an offense that, as of November 7, 2012, constituted a serious felony. (See *People v. Delgado*, *supra*, 43 Cal.4th at pp. 1069, 1072.) That being the case, defendant is ineligible for resentencing on that conviction. (§ 1170.126, subd. (e)(1); *Johnson*, *supra*, 61 Cal.4th at p. 683.)

Defendant correctly asserts, however, that he nevertheless is eligible for resentencing on his conviction for petty theft with a prior conviction. *Johnson* further held: "[A]n inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." (*Johnson*, *supra*, 61 Cal.4th at p. 695.) The People do not contend — nor could they — that defendant's current conviction for petty theft with a prior theft-related conviction is defined as a violent felony by section 667.5, subdivision (c) or as a serious felony by section 1192.7, subdivision (c). Because "the Act requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis" (*Johnson*, *supra*, 61 Cal.4th at p. 688), defendant is entitled to a remand so the trial court can exercise its discretion to determine whether resentencing him as a second strike offender on that conviction *only* "would pose an unreasonable risk of danger to public safety" (§ 1170.126, subd. (f)).

5.

# **DISPOSITION**

The order denying petition is affirmed with respect to defendant's conviction for assault with a deadly weapon in violation of Penal Code section 245, subdivision (a)(1). It is reversed with respect to his conviction for petty theft with a prior theft-related conviction in violation of Penal Code sections 484, subdivision (a), and 666. The matter is remanded to the trial court with directions to find defendant eligible for resentencing under the Act as to that conviction only, and to proceed as described in subdivision (f) of section 1170.126 of the Penal Code.


_____

DETJEN, Acting P.J.

WE CONCUR:


_____

PEÑA, J.


_____

SMITH, J.

6.