Filed 11/17/23

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>RYAN DAVID CHRISTIANSON,<br><br>   Defendant and Appellant. | D081330<br><br><br><br>(Super. Ct. No. SCD265481 and No. SCD267047) |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Reversed and remanded with instructions.

Rebecca P. Jones, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Paige B. Hazard, Anthony Da Silva and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

## I.     INTRODUCTION

In recent years, the California Legislature has made several changes to our state's sentencing laws.  Among these, Senate Bill No. 483 (2021–2022 Reg. Sess.) added Penal Code[1] section 1172.75, formerly section 1171.1.[2] (Stats. 2021, ch. 728, § 3.)  Effective January 1, 2022, section 1172.75 declares that certain one-year sentence enhancements that were imposed prior to January 1, 2020 pursuant to former section 667.5, subdivision (b) are legally invalid, and provides a mechanism for resentencing individuals serving judgments that include one or more of those enhancements. (§ 1172.75, subds. (a)–(c).)

In this case, the California Department of Corrections and Rehabilitation (CDCR) identified Ryan Christianson as an inmate potentially eligible for relief under section 1172.75, but the trial court corrected the original sentence by administratively striking section 667.5, subdivision (b) enhancements that had been stayed by the original sentencing court, and thus concluded resentencing was unnecessary.  On appeal, the parties ask this court to decide whether section 1172.75 applies in cases like this, where the abstract of judgment on which an inmate is currently serving time includes one or more section 667.5, subdivision (b) enhancements that were previously imposed but stayed.  We conclude that it does and that therefore resentencing is required.  Accordingly, we reverse the trial court's order denying Christianson's request for resentencing.

---

[1]     All further unspecific statutory references are to the Penal Code.

[2]     Effective June 30, 2022, the Legislature renumbered section 1171.1 to section 1172.75.  (Stats. 2022, ch. 58, § 12.)  There were no substantive changes to the statute.  We will refer to section 1172.75 in this opinion.

2

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Underlying Crime and Sentencing*

On June 10, 2016, Christianson entered plea agreements in two separate criminal cases. The details of the underlying crimes are not relevant to the present appeal. In case No. SDC265481, Christianson pled guilty to one count each of burglary (§ 459), receiving stolen property (§ 496, subd. (a)), and resisting an officer (§ 148, subd. (a)(1)). In addition, he admitted to one prior conviction that qualified as a strike prior (§ 667, subd. (b)), that the same prior conviction qualified as a serious felony prior (§ 667, subd, (a)(1)), and that he had served five separate prior terms in prison. In case No. SDC267047, Christianson pled guilty to one count of possession of a controlled substance, methamphetamine, for sale (Health & Saf. Code § 11378).

The written plea agreement in case No. SDC265481 states that Christianson entered the plea based on the following promise or representation: "court indicates 9 years – low term on [count] 1 [times] 2 plus 5 [years] as nickel [concurrent] with all other cases." The plea agreement in case No. SDC267047 indicates that Christianson entered the plea in exchange for an agreement that the district attorney would dismiss the balance of the charges asserted in that case and that Christianson would receive a sentence of two years on the possession charge, to run concurrent to the sentence imposed in case No. SDC265481.

The trial court confirmed this understanding on the record with Christianson before accepting the pleas. The court stated: "You are going to plead guilty to the sheet, everything charged by the [district attorney], in case 481, including your prison priors. [¶] In case 047, you are going to plead guilty to count 1, possession for sale of methamphetamine, Health and Safety

3

Code section 11378, and the [district attorney] will dismiss the balance of that case against you. You'll receive two years concurrent with the time imposed in case 481. [¶] In case 481, the court's indicated sentence is nine years." Christianson confirmed that this was his understanding of the plea agreements.

In its report, submitted prior to the sentencing hearing, the probation department recommended a slightly higher sentence of 13 years for case No. SDC265481, comprised of the low term on count 1, doubled to four years based on the strike prior, five years for the serious felony prior, and one year each for four of the five prison priors, plus an additional one year stayed for the remaining prison prior, which overlapped with the serious felony prior, pursuant to *People v. Jones* (1993) 5 Cal.4th 1142 (*Jones*).[3] In addition, and as contemplated by the plea agreement, the probation department recommended a two year concurrent sentence for case No. SDC267047. At the sentencing hearing, the district attorney acknowledged the plea agreement but asked the trial court to follow the probation department's recommendation. Defense counsel asked the trial court to impose the nine year sentence contemplated in the plea agreement. After hearing argument, the trial court decided to impose the indicated nine year sentence.

The court explained, "Nine years is arrived at as follows: Count one, the low term doubled for four years. [¶] Count three, the low term doubled for four years. That's going to be stayed pursuant to Penal Code Section 654. [¶] An additional five years consecutive for the serious felony prior, making your

---

3    As we discuss in more detail *post*, in *Jones*, the majority interpreted section 667.5, subdivision (b) as precluding the imposition of an additional term under both section 667 and section 667.5, subdivision (b) based on the same prior offense. (*Jones, supra,* 5 Cal.4th at p. 1150.)

sentence nine years. [¶] There are additionally five prison priors, each of those the Court will impose one year and run those concurrent to the nine years already imposed. [¶] Count four is a misdemeanor. You will receive credit for time served." After completing the rest of its pronouncement, including restitution and fines and fees, and closing the proceedings, the trial court came back on the record, and stated, without further explanation, "I will stay the prison priors instead of running them concurrent." The abstract of judgment reflected the trial court's oral pronouncement, including each of the five one-year prison prior enhancements, with an "S" for stay.

B.  *Petition for Resentencing*

On June 27, 2022, the CDCR identified Christianson as a person "serving a term for a judgment that includes an enhancement imposed for a prior conviction that is now legally invalid," and thus potentially eligible for resentencing under section 1172.75. In response, the trial court issued a tentative order concluding that Christianson was not entitled to relief under section 1172.75 because he was not currently serving a sentence enhanced by an eligible prison prior. The trial court appointed a public defender to represent Christianson and permitted briefing on the issue.

In his briefing to the trial court, Christianson asserted that the plain language of section 1172.75 requires resentencing for any individual serving a term for which the abstract of judgment includes a now invalid enhancement, without regard to whether the additional term was imposed and executed or imposed and stayed. The People argued, to the contrary, that section 1172.75 applies only to sentences in which punishment for one or more prison priors is imposed *and executed*, such that the defendant would be required to serve additional time in custody as a result of the now invalid enhancement. They argued, further, that the Legislature could not have

5

intended for section 1172.75 to apply to stayed prison prior enhancements because it never authorized trial courts to stay those enhancements in the first instance. Thus, they asserted, here, the stayed enhancements were unauthorized and subject to administrative correction, but Christianson was not entitled to a full resentencing under section 1172.75.

After briefing and argument, the trial court confirmed its tentative ruling. The court rejected Christianson's interpretation of section 1172.75 and, instead, concluded that the statute applies only to those defendants "*currently serving* an additional year in prison because of *the imposition* of the punishment for the enhancement." The trial court concluded, further, that the stayed enhancements constituted an unauthorized sentence, subject to an administrative correction. The trial court ordered the stayed prison priors stricken and a new abstract of judgment prepared, but denied Christianson's request for a full resentencing.

Christianson filed a timely notice of appeal.

## III. DISCUSSION

On appeal, Christianson asserts that the trial court erred by denying his request for resentencing, and that section 1172.75 should be construed to require a full resentencing for every defendant serving time on an abstract of judgment that includes a now invalid section 667.5, subdivision (b) enhancement, regardless of whether that enhancement is stayed or executed. The Attorney General maintains that section 1172.75 applies only to those cases in which the sentence includes an additional *imposed and executed* term of punishment, and that the stay of the five section 667.5, subdivision (b) enhancements in this case was an unauthorized sentence, subject to administrative correction.

6

A.    *Legal Principles and Standard of Review*

Whether section 1172.75 entitles Christianson—who is currently serving time on an abstract of judgment that includes a stayed but now invalid section 667.5, subdivision (b) enhancement—to a full resentencing is a question of law that we review de novo, under well-settled standards of statutory interpretation.  (*People v. Lewis* (2021) 11 Cal.5th 952, 961 (*Lewis*); *People v. Shulz* (2021) 66 Cal.App.5th 887, 893.)

Our fundamental task is to determine the Legislature's intent and effectuate the law's purpose.  (*Lewis, supra,* 11 Cal.5th at p. 961.)  We begin with the language of the statute itself.  (*Ibid.*)  We give the words their plain and commonsense meaning, while also considering the context and framework of the entire statutory scheme and keeping in mind its nature and purpose.  (*Ibid.*)  "If the words in the statute do not, by themselves, provide a reliable indicator of legislative intent, '[s]tatutory ambiguities often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes.' "  (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*).)  We do not interpret the statute so literally as to contravene the apparent legislative intent, " ' "and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed." ' "  (*Ibid.*)

"If the statute is ambiguous, we may consider a variety of extrinsic aids, including legislative history, the statute's purpose, and public policy."  (*Gonzalez, supra,* 43 Cal.4th at p. 1126; see also *People v. Robles* (2000) 23 Cal.4th 1106, 1111 ["If . . . the statutory language is susceptible of more than one reasonable construction, we can look to legislative history in aid of ascertaining legislative intent."].)  Where " 'resolution of the statute's ambiguities in a convincing manner is impracticable," the rule of lenity

7

weighs in favor of interpreting the situation in favor of defendants. (*People v. Avery* (2002) 27 Cal.4th 49, 58.)

With these principles in mind, we turn next to the recent statutory amendments addressing section 667.5, subdivision (b) enhancements.

B.  *Statutory Amendments Impacting Sentencing Enhancements Pursuant to Section 667.5, Subdivision (b)*

Prior to January 1, 2020, section 667.5, subdivision (b) required that trial courts "impose a one-year term for each prior separate prison term or county jail term" that the defendant had served, unless the defendant had remained free of custody for at least five years. (§ 667.5, former subd. (b); *People v. Jennings* (2019) 42 Cal.App.5th 664 (*Jennings*).) Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b) to limit the one-year prison prior enhancement to only prison terms served for convictions of sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b). (*Jennings, supra,* at p. 681.) Appellate courts generally found that the amendments applied retroactively to all cases not yet final on January 1, 2020, and that they rendered previously imposed prison prior enhancements, not based on convictions for sexually violent offenses, legally invalid. (*Id.* at p. 682; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341.)

Later, in 2021, the Legislature expanded the scope of the retroactivity with the passage of Senate Bill No. 483. The Legislature found and declared "that in order to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply [Senate Bill No. 136] to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.) To achieve this goal, the Legislature enacted new section 1172.75. Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was

imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." The remainder of the statute then sets forth a mechanism for identifying and resentencing individuals currently serving a term in jail or prison that includes a now invalid section 667.5, subdivision (b) sentence enhancement. (§ 1127.75, subds. (b)–(d).)

Pursuant to section 1172.75, subdivision (b), the Secretary of the CDCR and the administrators for each county jail "shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)."[4] They must then "provide the name of each [such] person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement . . . as follows: [¶] (1) By March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement. . . . [¶] (2) By July 1, 2022 for all other individuals." (§1172.75, subd. (b)(1) & (2).) Upon receiving this information, the sentencing court "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Section 1172.75, subdivision (d) specifies that the resentencing "shall result in a lesser sentence than the one originally imposed as a result of the

---

[4] Although section 1172.75, subdivision (b), refers to the Secretary of the CDCR and the county correctional administrator for each county, we refer simply to CDCR for the remainder of this opinion, as it is the relevant entity in this case.

elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id.*, subd. (d)(1). In addition, the resentencing court shall consider "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing," (*id.*, subd. (d)(2)) and may consider "postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

C.     *Section 1172.75 Applies to Defendants Serving Time on an Abstract of Judgment that Includes a Section 667.5, Subdivision (b) Enhancement That Was Imposed and Stayed*

The crux of the dispute here centers around the meaning of the word "imposed" as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed *and stayed* for a non-sexually violent offense prior to January 1, 2020, is "a sentencing enhancement described in subdivision (a)" of section 1172.75. (§ 1172.75, subd. (c).)

We begin, as we must, with the plain language of the statute itself. Section 1172.75, subdivision (c) requires trial courts to provide a full resentencing to any defendant currently serving time on a judgment that includes a sentencing enhancement described in subdivision (a). Section 1172.75, subdivision (a), in turn, describes "[a]ny sentence enhancement *that was imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section

10

667.5" (italics added) for a prior conviction that was not a sexually violent offense. Here, there is no dispute that Christianson was serving time on a judgment that includes a reference to five separate section 667.5, subdivision (b) enhancements, and that none of the underlying prior convictions were sexually violent offenses. The only question is whether the enhancements were "imposed" as the word is used in section 1172.75, subdivision (a).

On its face, the word "imposed," in this context, is at least somewhat ambiguous. As our high court has explained, "it is important to understand that the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*. However, as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word "stay" often refers to the latter.' " (*Gonzalez, supra,* 43 Cal.4th at p. 1125.) Reading section 1172.75 in the context of the entire statutory scheme, the stated legislative intent, and the legislative history, we are not convinced, as the People suggest, that the Legislature intended the word "imposed" in this context to be limited to enhancements that were imposed *and executed.* (See *Gonzalez*, at p. 1125.)

Section 1172.75 requires the CDCR to identify all inmates "currently serving a term *for a judgment that includes* an enhancement described in subdivision (a)." (§ 1172.75, subd. (b), italics added.) A judgment may include a sentence that has been imposed but suspended or stayed. (See *People v. Scott* (2014) 58 Cal.4th 1415, 1424; *People v. Mani* (2022) 74 Cal.App.5th 343, 380.) Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that

11

would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so.

The sentencing court must then "*verify* that *the current judgment includes a sentencing enhancement* described in subdivision (a)." (§ 1172.75, subd. (c), italics added.) At this point, the incorporation of subdivision (a) requires that the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word "verify" suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements.

The People point out that section 1172.75, subdivision (d)(1) requires the trial court to impose a "lesser sentence than the one originally imposed," and assert that it would not be feasible to do so if the statute is read to apply to cases in which the additional term on the section 667.5, subdivision (b) enhancement is stayed. To the contrary, if "imposed" is read to include both "imposed and executed" and "imposed and stayed" throughout the statute, then the sentence "originally imposed" also includes any additional terms that were imposed and stayed, and removing the stayed term from the abstract of judgment results in a "lesser sentence than the one originally imposed." When a punishment is stayed, as opposed to stricken, the trial

12

court retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated. (See, e.g., *People v. Brewer* (2014) 225 Cal.App.4th 98, 104 (*Brewer*) [explaining that stay preserves the possibility of imposition should a reversal on appeal reduce the imposed portion of the sentence].) Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential.

Again, if the Legislature had intended to limit section 1172.75 only to those individuals that were currently serving an additional term based on the enhancement, it had the ability to do so. Indeed, the Legislature made a similar differentiation in subdivisions (b)(1) & (2) and (c)(1) & (2), prioritizing those inmates that are currently serving time on an enhancement in the sense that they have already served the remainder of all other time imposed by the judgment.[5] Thus, in our view, a plain reading of the statute, as a whole, at least suggests that the Legislature intended to use the term "impose" in the broader sense, to include section 667.5, subdivision (b) enhancements that were both imposed and executed, and imposed and stayed.

---

[5] The People assert that section 1172.75 "directs the trial court to 'review the judgment and verify that the *current judgment* includes such a sentencing enhancement where the inmate is '*currently* serving a sentence based on the enhancement.' (§ 1172.75, subd. (c), italics added.)" But that is not what the statute says. Rather, the statue differentiates between "individuals who have served their base term and are currently serving a sentence based on the enhancement" and "all other individuals," with the former receiving priority in identification and resentencing. (§ 1172.75, subds. (b)(1) & (2)and (c)(1) & (2).)

The People contend that the California Supreme Court reached a different conclusion in *Gonzalez*, rejecting the trial court's interpretation of the word " 'imposed' [as used in § 12022.53, subd. (f)] as encompassing both meanings of 'impose,' namely impose and then *execute*, as well as impose and then *stay*." (*Gonzalez, supra,* 43 Cal.4th at p. 1126.) However, we note that the *Gonzalez* court reached that conclusion, after acknowledging the potential ambiguity in the term, by construing the word in the context of the entire statutory scheme at issue before it, in sections 12022.5 and 12022.53. (*Gonzalez*, at pp. 1126–1127.)

At the time, those statutes directed the trial courts to " 'impose . . . the [firearm] enhancement that provides *the longest term of imprisonment*,' " and to " 'impose punishment' for 'an enhancement . . . admitted or found to be true.' " (*Gonzalez, supra,* 43 Cal.4th at pp. 1126–1127, italics added, quoting section 12022.53, subds. (f) & (j).) As the *Gonzalez* court explained, its interpretation was consistent with " 'the public safety policy that . . . underlies the legislative intent reflected in the statute,' " because it allowed the trial court to impose *and execute* the enhancement with the longest associated additional term of imprisonment, but also impose *and stay* additional enhancements to ensure they could still be imposed in the event the enhancement with the longest term of imprisonment was somehow invalidated on appeal. (*Gonzalez, supra,* at p. 1128.) At the time, the Legislature's stated intent was to ensure that " 'substantially longer prison sentences must be imposed on felons who use firearms in the commission of their crimes, in order to protect our citizens and to deter violent crime.' (Stats.1997, ch. 503, § 1.)" (*Gonzalez, supra,* at p. 1129.)

Quite the opposite, the statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by

14

retroactively eliminating a sentencing enhancement described as exacerbating "existing racial and socio-economic disparities in our criminal justice system."  (Sen. Rules Com., Analysis of Sen. Bill No. 136 (2019–2020 Reg. Sess.), as amended Sept. 3, 2019, p. 5; see also Stats. 2021, ch. 728, § 1 ["in order to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 . . . to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].)  Consistent with that intent, the other provisions of the statute require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform.  Specifically, section 1172.75, subdivision (d)(2) requires the trial court to apply "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  Subdivision (d)(3) further permits the trial court to consider a broad range of postconviction factors "and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)  Thus, it appears the Legislature intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements.

This reading is also consistent with the legislative history of section 1172.75.  Although the authors originally drafted Senate Bill No. 483 to require the trial court to "administratively amend the abstract of judgment to remove any [now] invalid sentence enhancements," (Sen. Bill No. 483 (2021–2022 Reg. Sess.) as amended Mar. 3, 2021), it was subsequently amended to require a full resentencing and to prescribe specific conditions for that resentencing, including that the defendant be entitled to counsel and that the

15

resentencing result in a lower sentence unless the trial court finds by clear and convincing evidence that doing so would endanger the public safety (Sen. Bill No. 483, (2021–2022 Reg. Sess.) as amended July 15, 2021 and Sept. 1, 2021).[6] It appears this change was driven, in part, by concerns over the legality of administratively amending abstracts, as opposed to the more common practice of conducting a full resentencing. (Senate Com. on Appropriations, Analysis of Sen. Bill No. 483, as amended Mar. 3, 2021, pp. 4–5; see also *People v. Buycks* (2018) 5 Cal.5th 857, 893 [explaining that, when part of sentence is stricken, a full resentencing is appropriate so that the trial court can exercise its discretion considering the changed circumstances].)

As one court has aptly explained, "a criminal sentence is, like an atom, indivisible: '[A]n aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme.' " (*People v. Walker* (2021) 67 Cal.App.5th 198, 206.) "By correcting one part of [a defendant's] sentence, the trial court is resentencing the defendant and, in so doing, is not only permitted, but also obligated to look at the facts and the law in effect at the time of that resentencing, including ' "any pertinent circumstances which have arisen since the prior sentence was imposed." ' " (*Id.* at p. 205.)

---

[6] We hereby grant Christianson's unopposed request that we take judicial notice of certain records relating to the legislative history of Senate Bill No. 483. (*People v. Snyder* (2000) 22 Cal.4th 304, 309, fn. 5 [taking judicial notice of legislative history material to aid in interpreting legislative intent]; *People v. Johnson* (2015) 234 Cal.App.4th 1432, 1444 fn. 6 [noting that courts commonly take judicial notice of statements of legislative intent included in committee reports].)

Here, the Legislature chose to mandate a full resentencing for those individuals impacted by a now invalid section 667.5, subdivision (b) enhancement. We see no reason to differentiate between defendants serving an additional term based specifically on a now invalid enhancements and those for whom the enhancement was imposed but stayed. In both instances, the presence of the enhancement was one component considered by the sentencing court in pronouncing the overall sentence. Indeed, in this case, the primary issue argued at the sentencing hearing was whether the court should impose an additional term of punishment for four of the five prison prior enhancements. Although the original sentencing court ultimately decided to stay those enhancements, we cannot conclude that their existence did not have any impact on the plea agreement or the final sentence.

Yet, rather than grant Christianson's request for a full resentencing pursuant to section 1172.75, the trial court determined that an administrative fix was appropriate. The trial court noted the general rule that "once the prison prior is found true, it must be imposed or stricken, not stayed" and concluded that the original sentencing court in this case had improperly stayed the section 667.5, subdivision (b) enhancements, resulting in an unauthorized sentence that was subject to an administrative fix. The People maintain that Christianson is not entitled to a full resentencing for this reason as well.

However, there is an important exception to the general rule: enhancements may not be stayed, "[*u*]*nless a statute says otherwise.*" (*People v. Harvey* (1991) 233 Cal.App.3d 1206, 1231 (italics added); *People v. Haykel* (2002) 96 Cal.App.4th 146, *People v. Eberhardt* (1986) 186 Cal.App.3d 1112, 1118.) And, as relevant here, there is at least some authority suggesting that section 667 allows for a stay in cases in which there is both a section 667

17

serious felony prior enhancement and a section 667.5, subdivision (b) enhancement based on the same underlying conviction.[7] (See *Jones, supra,* 5 Cal.4th at p. 1150 ["the most reasonable reading of subdivision (b) of section 667 is that when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 [serious felony prior] enhancement, the greatest enhancement, but only that one, will apply"]; (*Brewer, supra,* 225 Cal.App.4th at p. 106 [a sentencing court may stay a section 667.5, subdivision (b) enhancement to maintain its ability to impose the additional term if a coinciding section 667 enhancement is subsequently rendered invalid].) Moreover, as the court in *Brewer* notes, California Rules of Court, Rule 4.447 expressly authorizes trial courts to stay enhancements in such situations. (See *Brewer,* at p. 104.) It provides, in relevant part: "Except pursuant to section 1385(c), a court may not strike or dismiss an enhancement solely because imposition of the term is prohibited by law or exceeds limitations on the imposition of multiple enhancements. Instead, the court must: [¶] (1) Impose a sentence for the aggregate term of imprisonment computed without reference to those prohibitions or limitations; and [¶] (2) Stay execution of the part of the term that is prohibited or exceeds the applicable limitation. The stay will become permanent once the defendant

---

7       The trial court relied on *People v. Langston* (2004) 33 Cal.4th 1237, in which the California Supreme Court considered whether additional time added to a prison term for an escape constituted a separate prison prior subject to an additional one-year enhancement under section 667.5, subdivision (b). (*Id.* at p. 1240.) In that context, the *Langston* court stated the general rule that a trial court has discretion to strike, but not stay, a section 667.5, subdivision (b) enhancement, but it did not address the question of whether a trial court could stay the enhancement for a different reason. (*Ibid.*; *People v. Alvarez* (2002) 27 Cal.4th 1161, 1176 ["cases are not authority for propositions not considered"].)

finishes serving the part of the sentence that has not been stayed." (Cal. Rules of Court, rule 4.447.) The People do not address or distinguish *Brewer* in their briefing on appeal.

As the trial court noted, we must presume that the Legislature was aware of existing law, including this authority, when it enacted section 1172.5. (See *People v. May* (2020) 47 Cal.App.5th 1001, 1009.) If the Legislature intended to allow the trial courts to administratively strike these stayed but now invalid enhancements, it certainly could have included language to that effect in the statute. That the Legislature instead amended Senate Bill No. 483 to remove the previous language directing the trial courts to administratively strike the enhancements without carveout for stayed enhancements suggests that the Legislature intended for section 1172.75 to apply equally in both cases.[8]

Here, at least one of the section 667.5, subdivision (b) enhancements overlapped with the section 667 serious felony prior enhancement. The People do not dispute this, but assert that the sentencing court did not stay the section 667.5, subdivision (b) enhancements for this reason, and was, instead, exercising its discretion to strike them. We do not find the sentencing court's reasoning to be so explicit, but, regardless, we need not resolve the issue. Even if the sentencing court improperly stayed one or more of the section 667.5, subdivision (b) enhancements, in our view, for the

---

[8] For the reasons stated herein, we respectfully disagree with *People v. Rhodius* (2023) ___ Cal.App.5th ___ [2023 Cal.App. LEXIS 865] in which our sister court interpreted "imposed" as used in section 1172.75 to include only those enhancements that were "imposed and executed."

19

reasons already discussed, the proper remedy would be a full resentencing.[9] (See *People v. Monroe* (2022) 85 Cal.App.5th 393, 401–402 [rejecting an argument that the defendant was not entitled to a full resentencing because the enhancements had already been stricken].)

## IV. DISPOSITION

The order denying Christianson's request for resentencing is reversed and the matter is remanded to the trial court with instructions for the court to issue a new order granting Christianson's request.

KELETY, J.

WE CONCUR:

McCONNELL, P. J.

CASTILLO, J.

---

[9] We note that while this case was pending another court concluded that seeking further sentence reductions based on other statutory changes in a resentencing based on section 1172.75 may impact the prosecution's ability to withdraw from a prior plea agreement. (*People v. Coddington* (2023) 96 Cal.App.5th 562.)